IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHRISTY RUFF, INDIVIDUALLY AND
ON BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF MCKENZIE
SMITH, DECEASED                                                                                   PLAINTIFF

v.                                                      CIVIL ACTION NO. 1:19-CV-140-SA-DAS

WAFFLE HOUSE, INC., et al                                                                    DEFENDANTS

ORDER AND MEMORANDUM OPINION

On June 27, 2019, Christy Ruff, individually and on behalf of the wrongful death beneficiaries of McKenzie Smith, filed her Complaint [2] against Waffle House, Inc. and Mid South Waffles, Inc. d/b/a Waffle House (collectively "Waffle House") in the Circuit Court of Lee County, Mississippi. After removing the case to this Court, Waffle House filed a Motion to Dismiss [6] on September 24, 2019. The Motion [6] has been fully briefed and is now ripe for review.

*Relevant Factual and Procedural Background*

For purposes of the subject Motion [6], the underlying facts and procedural history are rather straightforward. On June 11, 2017, the decedent, McKenzie Smith, arrived on the premises of the Waffle House located at 722 South Gloster Street in Tupelo, Mississippi. Shortly after exiting his vehicle, Smith was shot several times by a third party who was also on the premises. *Id*. Smith ultimately died from the gunshot wounds. *Id*.

On June 27, 2019, Smith's mother, Christy Ruff, individually and on behalf of Smith's wrongful death beneficiaries, filed her Complaint [2] against Waffle House in the Circuit Court of Lee County. Ruff alleges that Waffle House is liable for general negligence; negligent hiring, training, and supervision; and gross negligence. Particularly, Ruff contends that Waffle House "routinely allowed crowds of individuals who have come from other establishments with an intoxicated state of

mind to loiter on its premises at night" and that it "should have been aware of the potential dangers upon its premises[.]" [2]. On July 26, 2019, Waffle House removed the case to this Court. *See* [1].

In the present Motion [6], Waffle House asserts that Ruff's Complaint [2] alleges insufficient facts to state a claim under the Landowners Protection Act, which was enacted by the Mississippi Legislature in 2019. *See* Miss. Code Ann. § 11-1-66.1. Ruff asserts that, because the Landowners Protection Act became effective on July 1, 2019—five days after she filed her Complaint, it is inapplicable to this case.

*Rule 12(b)(6) Standard*

"On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must ultimately determine 'whether the complaint states a valid claim when all well-pleaded facts are assumed to be true and are viewed in the light most favorable to the plaintiff.'" *Taylor v. Bridges*, 2015 WL 4897742, at *1 (N.D. Miss. Aug. 17, 2015) (quoting *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010)) (additional citation omitted). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Sullivan v. Leor Energy LLC*, 600 F.3d 542, 546 (5th Cir. 2010)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Moore v. Shearer-Richardson Memorial Nursing Home*, 2011 WL 4498868, at *1 (N.D. Miss. Sept. 27, 2011) (citations omitted). Ultimately, "[m]otions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Id.* (quoting *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009)).

*Analysis and Discussion*

The sole issue currently before the Court is whether Mississippi's Landowners Protection Act is applicable in this case. Particularly at issue is Subsection (3) of the Act, which sets forth specific

requirements that a plaintiff must establish to succeed on an "atmosphere of violence" premises liability claim. *See* Miss. Code § 11-1-66.1(3). On that point, the Act provides:

> (3) For any civil actions brought under the laws of the State of Mississippi for the purpose of alleging liability for the injury of an invitee as described in subsection (2) of this section, an atmosphere of violence shall only be established by similar violent conduct:
>
> (a) Which occurred three (3) or more times within three (3) years before the third party act at issue;
>
> (b) Which took place only on the commercial or other real property where the acts of the third party occurred; and
>
> (c) Which are based upon three (3) or more separate events or incidents that resulted in three (3) or more arraignments of an individual for a felony involving an act of violence.

Miss. Code. § 11-1-66.1(3). Relying on this language, Waffle House contends that Ruff's claims fail because she "has not alleged that there was similar violent conduct at or near the restaurant that resulted in at least three felony arraignments." [7]. Again, Ruff avers that her allegations need not meet these statutory requirements because the Act, which became effective on July 1, 2019, was not applicable at the time she filed her Complaint [2] in the Circuit Court of Lee County on June 27, 2019.

To support its contention that the Court should apply the Act in this case, Waffle House relies on the Mississippi Supreme Court's decision in *Mississippi Department of Corrections v. Roderick & Solange MacArthur Justice Center*, 220 So.3d 929, 933 (Miss. 2017). There, the Roderick & Solange MacArthur Justice Center ("the Justice Center") made a request under the Mississippi Public Records Act ("MPRA") for records pertaining to the Mississippi Department of Corrections' ("MDOC") process and protocol for lethal injections, in addition to MDOC's acquisition of chemicals it intended to use or considered using in lethal injection executions. *Id.* at 931. After MDOC provided the Justice Center with documents containing redactions, the Justice Center filed its complaint in the Chancery Court of Hinds County. *Id.* The Chancery Court ordered that the redacted information be

3

disclosed, and MDOC appealed. *Id*. While the case was on appeal, the Mississippi Legislature enacted two statutes which exempted some of the information sought by the Justice Center from the disclosure requirement. *Id*. (citing Miss. Code §§ 99-19-51(2) and 99-19-51(6)(c)). The Supreme Court was therefore faced with determining the effect that the change in the law had on the Justice Center's request. *Id*.

Citing extensive precedent, the Supreme Court held that the newly enacted amendments were applicable to the case, providing that "[w]hen the Legislature chooses to amend or modify any law related to a pending action, this Court applies the Legislature's most recent pronouncement." *Id*. at 933 (citing *USPCI of Miss., Inc. v. State ex rel. McGowan*, 688 So.2d 782, 787 (Miss. 1997)). The Court further noted that "a statute modifying [a] previous statute has the same effect as though the statute had all the while previously existed in the same language as that contained in the modified statute, unless the modifying statute contains a saving clause." *Id*. (quoting *Stone v. Independent Linen Serv. Co.*, 55 So.2d 165, 168 (Miss. 1951)) (additional citation omitted).

Relying on this precedent, Waffle House asserts that this Court should apply the Mississippi Legislature's most recent pronouncement of the applicable law—or, in other words, this Court should apply the Landowners Protection Act.

The present case is easily distinguishable because in *Roderick* the Legislature amended an existing statute during the pendency of litigation. In contrast, the present case presents a scenario where the Legislature did not amend a prior statute but instead enacted a new law altogether. In other words, there was no statute addressing this specific issue, prior to the enactment of the Landowners Protection Act. Waffle House recognizes this distinction but asks this Court to extend the rule to preexisting common law. *See* [7] ("Admittedly, here we are not dealing with a preexisting statute; instead, the issue is preexisting common law. However, since the statute merely clarifies that existing

law to achieve uniformity of result, it is a distinction without a difference."). The Court notes, however, that Waffle House cites no precedent for this contention.

Although in *dicta*, this Court has previously held that the Landowners Protection Act does not apply retroactively and is therefore inapplicable to cases filed prior to July 1, 2019. *Rogers v. The Tallahatchie Gourmet, LLC*, 2020 WL 50432 (N.D. Miss. Jan. 3, 2020). In that case, this Court, although holding that the Act was inapplicable because the plaintiff's claim was one for vicarious liability, rather than premises liability, noted that "even if [the plaintiff] had asserted [a premises liability] claim, the provisions of the Act would not apply . . . because this case was filed before the Act took effect on July 1, 2019." *Id*. at *3. The Court cited well-settled Mississippi Supreme Court precedent for the contention that statutes "will be construed to have a prospective operation only, unless a contrary intention is manifested by the clearest and most positive expression." *Id*. at *3 (quoting *Mladinich v. Kohn*, 186 So.2d 481, 483 (Miss. 1966)). Ultimately, this Court noted that the Landowners Protection Act "manifests no such intention to have any retroactive application, certainly not by the 'clearly and most positive expression,' and instead makes clear that it was effective on July 1, 2019." *Id*.

Applying this same logic, the Court finds that the Landowners Protection Act should not be applied in this case. Ruff's Complaint [2] was undeniably filed before the Act became effective. Waffle House has cited nothing within the Act indicating that it was intended to be applied retroactively, and the Court likewise has found nothing indicating that the Legislature had such an intent when enacting the law. Further, while Waffle House has asked the Court to extend the rule set forth by the Supreme Court in *Roderick*, it has cited no authority for that position. In the absence of such authority, and especially considering that the Legislature did not include anything indicating its intent for the Act to apply retroactive, the Court declines to apply it here. The Act is inapplicable.

*Conclusion*

The Motion to Dismiss [6] is DENIED. The Magistrate Judge assigned to this case is directed to lift the stay of this case. The parties are ordered to contact the Chambers of the Magistrate Judge within seven (7) days of the date of this Order so that a Case Management Conference may be scheduled and a Case Management Order may be entered.

SO ORDERED, this the 24th day of August, 2020.

                                           /s/ Sharion Aycock
                                           UNITED STATES DISTRICT JUDGE